IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| KOBER HANSSEN MITCHELL ARCHITECTS, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>WILSON CARE HOME KAILUA, LLC,<br><br>Defendant. | CIVIL NO. 14-00479 DKW-BMK<br><br>**ORDER DENYING MOTION TO DISMISS COMPLAINT** |

## ORDER DENYING MOTION TO DISMISS COMPLAINT

## INTRODUCTION

Kober Hanssen Mitchell Architects, Inc. ("KHMA") brings copyright claims against its former client, Wilson Care Home Kailua, Inc. ("Wilson"), based on the alleged use of architectural plans after KHMA was terminated from the job. Wilson seeks dismissal, asserting that the claims are barred by affirmative defenses, including the running of the statute of limitations and that KHMA impliedly granted a nonexclusive license to Wilson to use the architectural plans. Because KHMA's claims are not clearly barred on the face of the complaint, or by judicially noticeable

1

facts, Wilson's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is DENIED.

## BACKGROUND

KHMA was hired by Wilson to provide architectural services for the construction of a residential long term care facility ("Project"). The July 10, 2007 Contract describes the scope of the Project:

> To design a two-story, 14,800 square foot type II, Adult Residential Care Home for 24 patients. The project will be located a 96 Kaneohe Bay Drive, Kailua, Hawaii (TMK: 4-4-01:09). The lot is basically rectangle and approximately 14,000 square feet. Although it will be air conditioned, use of natural ventilation, day lighting and other climatic conditions will be considered.

Contract at 1 (attached as Ex. 1 to Motion[1]). The complaint alleges that the Contract "was for an ongoing relationship and contemplated KHMA's involvement as Architect of Record for the Project until the Project's completion," and that KHMA provided additional services under the Contract ("Additional Services"). Complaint ¶¶ 7-8. KHMA created original plans, designs, and specifications for the Project, which it claims to own as Copyrighted Works, registered with the U.S. Copyright Office, effective August 14, 2014. Complaint ¶¶ 9-12, 14. It expressly

---

[1]The Contract is referenced in the complaint as Exhibit A, but not included with the original filing. It was subsequently filed as an Errata to the complaint. *See* Dkt. No. 10.

asserts that it did not grant Wilson a license to use the Copyrighted Works if KHMA was not working on the Project. Complaint ¶ 13. KHMA alleges that Wilson knew that KHMA had distributed the Copyrighted Works to Wilson with the intent that KHMA would remain the Project's Architect of Record until the Project's completion, and knew that the Copyrighted Works could not be used if KHMA was removed from the Project. Complaint ¶ 19.

According to KHMA, Wilson breached the Contract by failing to pay KHMA for its services and terminated KHMA from the Project prior to the Project's completion. Wilson continued to copy and use the Copyrighted Works to complete the Project after KHMA was terminated, without KHMA's permission. Complaint ¶¶ 20-21. KHMA alleges that Wilson hired another architect, Pacific Asia Design Group, Inc. ("Pacific"), to complete the Project after KHMA's termination. It claims that Wilson distributed copies of KHMA's Copyrighted Works to Pacific and that Pacific used them "for its staircase plans for the Project, dated October 21, 2011." Complaint ¶¶ 23-25. KHMA also alleges that Pacific removed KHMA's copyright management information ("CMI") from the plans that were distributed to Wilson, and then submitted those plans to the Honolulu Department of Planning and Permitting ("DPP") as part of its stairwell permit application. Complaint ¶¶ 25-26.

3

According to Wilson, construction on the Project reached "substantial completion on April 29, 2011, but KHMA had not yet obtained a necessary permit for an enclosed stairwell." Mem. in Supp. at 2. Before the stairwell permit was obtained, KHMA ceased work on the Project and filed a mechanics' lien against Wilson. Ex. 2 (7/8/11 Mechanics' Lien). The parties are in the process of litigating claims for breach of contract and negligence related to the Project in Hawaii state court. *See* Exs. 2-4 attached to Motion.

The complaint in the instant case alleges two claims under federal copyright law: (1) reproduction and distribution of the Copyrighted Works for the creation of derivative works without authorization, resulting in the infringement of KHMA's Copyrighted Works in violation of 17 U.S.C. § 501 *et seq.* (Count I); and (2) removal of KHMA's CMI from the Copyrighted Works without permission and distribution of the works with the CMI removed after KHMA's termination, in violation of the Digital Millennium Copyright Act, 17 U.S.C. § 1202 (Count II). Wilson seeks dismissal of both counts under Federal Rule of Civil Procedure 12(b)(6).

## STANDARD OF REVIEW

Rule 12(b)(6) permits a motion to dismiss for failure to state a claim upon which relief can be granted. Pursuant to *Ashcroft v. Iqbal*, "[t]o survive a motion to

dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" 555 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570 (2007)). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* Accordingly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Factual allegations that only permit the court to infer "the mere possibility of misconduct" do not constitute a short and plain statement of the claim showing that the pleader is entitled to relief as required by Rule 8(a)(2). *Id*. at 679.

Under Rule 12(b)(6), review is generally limited to the contents of the complaint. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *Campanelli v. Bockrath*, 100 F.3d 1476, 1479 (9th Cir. 1996). However, courts may "consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *United*

*States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). Documents whose contents are alleged in a complaint and whose authenticity are not questioned by any party may also be considered on a Rule 12(b)(6) motion to dismiss. *See Branch v. Tunnell*, 14 F.3d 449, 453–54 (9th Cir. 1994), overruled on other grounds by *Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002). Accordingly, the Court considers the undisputed contents of the Contract referenced in the Complaint, and takes judicial notice of the fact of the filing or issuance of the publicly recorded documents attached to the Motion. *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001)); Fed. R. Evid. Rule 201.

## DISCUSSION

Wilson seeks dismissal on the grounds that (1) KHMA's claims are barred by a three-year statute of limitations; and (2) KHMA granted Wilson a nonexclusive license to use the Copyrighted Works in order to complete the Project. The Court finds that neither of these affirmative defenses can be decided in the context of the present Motion to Dismiss, and, accordingly, the motion is DENIED.

I. **The Current Record Does Not Reveal The Accrual Date Of KHMA's Copyright Claims**

The Copyright Act provides that all civil actions must be brought "within three years after the claim accrued." 17 U.S.C. § 507(b). KHMA filed the instant

6

complaint on October 21, 2014. Wilson argues that KHMA's claims accrued outside the three-year limitations period, which it has properly raised in its 12(b)(6) motion. The Court agrees that dismissal may be proper where copyright claims are time-barred based on the face of the complaint. *See Seven Arts Filmed Entm't Ltd. v. Content Media Corp. PLC*, 733 F.3d 1251, 1254 (9th Cir. 2013) ("A statute-of-limitations defense, if 'apparent from the face of the complaint,' may properly be raised in a motion to dismiss.") (quoting *Conerly v. Westinghouse Elec. Corp.,* 623 F.2d 117, 119 (9th Cir. 1980)). In this case, however, Wilson has not established that its statute of limitations defense is clear on the face of the complaint or based on the judicially-noticed exhibits attached to its Motion. *See Tovar v. U.S.P.S.*, 3 F.3d 1271, 1284 (9th Cir. 1993) ("In every civil case, the defendant bears the burden of proof as to each element of an affirmative defense."); *Wyatt v. Terhune*, 315 F.3d 1108, 1117-18 (9th Cir. 2003) ("[I]t is well-settled that statutes of limitations are affirmative defenses, not pleading requirements.").

### A. <u>Count I</u>

Wilson contends that Count I is time-barred because construction on the Project was substantially complete by April 29, 2011, because KHMA then filed a mechanics' lien on July 8, 2011, and because Pacific submitted a stairwell permit application to DPP on September 20, 2011. Wilson asserts that KHMA had actual

or constructive contemporaneous knowledge of each of these events, which fall outside the three-year limitations period. KHMA contends that the infringing acts that began and continued to occur after October 21, 2011 are not barred by the three-year statute of limitations. According to KHMA, even if the infringing acts began prior to October 21, 2011, they continued until the Project's completion, which it contends was not until after October 21, 2011.

To the extent the parties rely upon *facts* not set forth on the face of the complaint or in the documents incorporated thereto, they are not properly before the Court on a motion to dismiss. First, the parties dispute when the Project was substantially complete. There are no allegations in the complaint nor judicially noticeable facts that the Project was completed, or substantially completed, on a certain date. Wilson insists that the Court infer the project completion date through, among other things, the portion of the Contract price that had been paid to KHMA prior to the three-year limitations period cutoff. Payment and completion, however, are not necessarily corresponding concepts, and the Court declines to engage in the type of guesswork urged by Wilson, particularly in the context of a Rule 12(b)(6) motion. Second, to the extent Wilson relies upon the filing of the mechanics' lien or the permit application for the staircase in September 2011 (discussed more fully below with respect to Count II), the face of these documents

8

do not show as a matter of law that KHMA's copyright claims accrued before October 21, 2011.

Because the current record does not set forth sufficient undisputed factual evidence of KHMA's knowledge, actual or imputed, of the accrual of its copyright claims, Wilson's motion with respect to Count1 is denied.

### B. Count II

Wilson argues that Count II is time-barred because KHMA knew when it filed its mechanics' lien on July 8, 2011 that Wilson still needed to obtain a permit for the outstanding staircase. It contends that it hired Pacific to accomplish that task, and even assuming that Pacific removed KHMA's CMI to create new plans, Pacific filed the stairwell permit application containing the new plans with DPP on September 20, 2011. Wilson relies on Exhibit 5, a certified copy of "Building Permit Information," obtained from DPP, which shows in the "date created" field a date of September 20, 2011. Exhibit 5, however, does not establish as a matter of law or fact that the permit application was filed with DPP on September 20, 2011 or that KHMA is charged with constructive knowledge of the contents of those plans, with or without the CMI removed. Moreover, it is not clear that the building application permit for the stairwell submitted to DPP by Wilson and/or Pacific included KHMA's drawings with the allegedly removed CMI. Nor is it apparent to the

9

Court that any September 20, 2011 permit application was a matter of public record. The complaint itself alleges that "Wilson knew that Pacific removed KHMA's [CMI] from the Copyrighted Works in plans that were distributed both to and from Defendant Wilson and the [DPP]." Complaint ¶ 26. At this stage, neither the allegations in the complaint nor the judicially-noticed exhibits establish as a matter of law that KHMA knew or should have known of the removal of the CMI on the dates asserted by Wilson.

Wilson contends that "[a]ny reasonably diligent architect, knowing that a commercial project such as this could not be completed without a permit for this stairwell, would have known that Wilson would have no choice but to apply for the permit," and that "[a]ny reasonable architect would also therefore have known that the permit drawing for the stairwell would have to match KHMA's drawings." Mem. in Supp. at 12. Wilson's contention certainly contains one reasonable interpretation, but it is not the only one. One could also have expected a reasonably diligent architect to assume that its former client would not, at least in its view, violate copyright law, and obtain new drawings from a new architect in order to complete a project that was nearly done. In other words, whether KHMA's conduct, intent, or knowledge was "reasonable" as a matter of law or fact is not a matter that can be disposed of by a Rule 12(b) motion. *See Browne v. McCain*, 612

10

F. Supp. 2d 1125, 1130 (C.D. Cal. 2009) ("At this stage, a court does not make factual findings, nor deem material facts undisputed or admitted. Thus, in light of a court's narrow inquiry at this stage and limited access to all potentially relevant and material facts needed to undertake the analysis, courts rarely analyze fair use on a 12(b)(6) motion. *See Four Navy Seals v. Associated Press*, 413 F. Supp. 2d 1136, 1148 (S.D. Cal. 2005); *see also Dr. Seuss Enterprises, L.P. v. Penguin Books USA, Inc.*, 109 F.3d 1394, 1403 (9th Cir. 1997).").

"'[A] complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim.'" *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010) (quoting *Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1206 (9th Cir. 1995)). Accordingly, the Court declines to dismiss any of KHMA's claims on the statute of limitations grounds advanced by Wilson.

## II. Dismissal Is Not Warranted Based On An Alleged Nonexclusive License

Wilson also seeks dismissal on the ground that KHMA impliedly granted it a nonexclusive license to use KHMA's plans, and therefore, Wilson had the right to finish the Project, including by using KHMA's plans, without further permission from KHMA. An implied license is granted when "(1) a person (the licensee) requests the creation of a work, (2) the creator (the licensor) makes that particular

11

work and delivers it to the licensee who requested it, and (3) the licensor intends that the licensee-requestor copy and distribute his work." *Asset Marketing Sys., Inc. v. Gagnon*, 542 F.3d 748, 754–55 (9th Cir. 2008) (citation omitted). At this preliminary stage of the case, however, the pleadings do not establish as a matter of law that an implied license was granted.

Wilson contends that this case is akin to *Frost-Tsuji Architects v. Highway Inn, Inc.*, 2014 WL 4237285 (D. Haw. Aug. 26, 2014), and *Foad Consulting Group v. Musil Govan Azzalino*, 270 F.3d 821 (9th Cir. 2001), which discuss the granting of a nonexclusive license where an architect prepares plans for an ongoing construction project. Those cases, however, do not establish that Wilson is entitled to dismissal under Rule 12(b)(6) -- both examined whether an implied license had been granted in the context of motions for summary judgment and with a more fully developed record.

In *Frost-Tsuji Architects*, the district court granted defendants' motion for summary judgment, finding as matter of law that Highway Inn had a license to use Frost-Tsuji's architectural plans after the termination of the relevant agreement. It relied upon the Ninth Circuit's decision in *Foad Consulting Group*, which "held that a nonexclusive license to copy and modify architectural plans can be implied from the parties' agreement *and conduct*." *Frost-Tsuji Architects*, 2014 WL 4237285, at

12

*8 (emphasis added). Looking at the relevant contract *and* the parties' conduct, the district court in *Frost-Tsuji Architects* concluded that:

> The letter agreement did not unambiguously state what would happen to the work Frost-Tsuji had already done before the termination of the letter agreement. Under these circumstances, and consistent with *Foad Consulting*, Highway Inn had a license to use Frost-Tsuji's architectural plans to build its restaurant, as Highway Inn had requested the creation of the plans, and Frost-Tsuji had made the plans and delivered them to Highway Inn with the intention that Highway Inn use, copy, and distribute them.

*Id.* at * 10. No such finding is possible on the current motion to dismiss. Wilson contends that "the only reasonable interpretation of this language [in the Contract] is that KHMA's drawings were expressly intended to be used for the 'permit[ting] and constructi[ng]' of the Project." Mem. in Supp. at 18. Again, Wilson's reasonable interpretation is not the only reasonable interpretation. The Contract anticipated, as Wilson asserts, that KHMA would see the Project to completion. The cited Contract language therefore could reasonably be interpreted to mean that KHMA could use its own drawings for permitting and construction of the Project, but is silent as to the use of the drawings by anyone else. The Court cannot determine this issue on the current record. To the extent the Court must determine whether KHMA intended that Wilson copy and distribute its work, the Court would be required to look beyond the pleadings. Particularly, as in *Frost-Tsuji* and *Foad*

13

*Consulting*, the Court is required to examine whether KHMA's *conduct* during the creation or delivery of the plans indicates that further use without KHMA's knowledge or consent was permissible. *See Gagnon*, 542 F.3d at 756. Such an examination of conduct is not possible based on the pleadings alone, and is more properly considered at the summary judgment stage or at trial, following discovery and with a more thoroughly developed record. *See Frost-Tsuji Architects*, , at *13 ("Typically, when the parties' intent cannot be determined at the summary judgment stage, it is a matter left for determination at trial.").

Whether Wilson can ultimately carry its burden to establish a nonexclusive implied license is not an issue to be determined by the current Rule 12(b)(6) motion or on the present record before the Court. For a complaint to be dismissed because the allegations give rise to an affirmative defense, the defense must clearly appear on the face of the pleading and the defense must be complete. *Newberry v. Fiberglass Structural Engineering, Inc.*, 2007 WL 445450, at *2 (W.D. Wash. Feb. 6, 2007) (citing *McCalden v. California Library Ass'n*, 955 F.2d 1214, 1219 (9th Cir. 1990)). These circumstances do not exist here. In this case, while Wilson may ultimately prevail on a motion for summary judgment, or at trial, the Court finds dismissal to be premature.

## CONCLUSION

For the foregoing reasons, Wilson's Motion to Dismiss is hereby DENIED.

IT IS SO ORDERED.

DATED: January 16, 2015 at Honolulu, Hawai'i.



Derrick K. Watson
United States District Judge

---

Kober Hanssen Mitchell Architects v. Wilson Care Home Kailua LLC; Civil No. 14-00479 DKW-BMK; **ORDER DENYING MOTION TO DISMISS COMPLAINT**